UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Habtamu Daniel,                )
                               )
        Plaintiff,             )
                               )
        v.                     )        Civil Action No.    10 0612
                               )
Alexandria Detention Center,   )
                               )
        Defendant.             )

MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed in forma pauperis. The application will be granted and the complaint will be dismissed for lack of jurisdiction.

In his complaint, the plaintiff alleges that personal property taken from him when he was detained at the Alexandria Detention Center has never been returned to him.[1] He alleges that this property consisted of a gold watch, a Blackberry cell phone, a jacket, his wallet, and keys to his home. He prays that this court will help him either to get his property back or to obtain reimbursement for the items, and to "bring those people to justice." Compl. at 1.

Unlike state courts of general jurisdiction, federal district courts have limited jurisdiction. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Here, however, the complaint appears to arise from the alleged failure of the Alexandria Detention Center — which is operated by the Alexandria Sheriff's Office, not a federal agency or department — to return the plaintiff's

---

[1] The plaintiff also alleges that he "was without food for seven days in the Alexandr[ia] jail." Compl. at 1. The plaintiff does not allege that food was withheld from him and he does not seek redress for deprivation of food.

personal property. The allegations in the complaint regarding the plaintiff's personal property do not appear to allege a violation of the Constitution, laws or treaties of the United States.

A federal district court also has jurisdiction over civil actions in matters where the controversy exceeds $75,000 and where there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a). Here, although the plaintiff and the defendant appear to be citizens of different states, the plaintiff has not alleged that the amount in controversy is greater than $75,000, and the description of the property at issue does not suggest that the amount in controversy would exceed $75,000.

Accordingly, the Court will dismiss the complaint, without prejudice, for lack of subject matter jurisdiction.[2] A separate order accompanies this memorandum opinion.

Date: April 8, 2010

United States District Judge

---

[2] The Court notes that even if it had jurisdiction, venue in this district would not be proper. *See* 28 U.S.C. § 1391(b).